RICHARD NASH, Plaintiff in Error, *v.* JAMES NASH, Defendant in Error.

ERROR TO MASON.

An action of debt may be maintained upon an instrument under seal for a sum certain, payable to a specified person, and at a certain time, although it states the consideration for which it was given, without alleging or proving such consideration. Such statement does not change the character of the instrument.

Upon a demurrer to the whole declaration, if any one count is good, the demurrer should be overruled.

THIS cause was heard by WALKER, Judge, at April term, 1854, of the Mason Circuit Court.

J. S. BAILEY, for Plaintiff in Error.

WILLIAM KELLOGG, for Defendant in Error.

CATON, J.   The declaration is in debt, containing three counts.   The first is special, upon an allegation to pay money, and the others the common counts.   The defendant craved oyer of the specialty sued on, and set it out in his demurrer as follows:

"MARCH 25, 1850.

One day after date, I promise to pay Richard Nash or order, the sum of seven hundred and fifty dollars, which, on settlement, he assumes to pay our creditors, on a partnership flat boat load of pork taken to Vicksburgh, Mississippi. Value Received. Witness my hand and seal.

JAMES NASH." [SEAL.]

The court sustained this demurrer to the whole declaration, and rendered judgment for the defendant, which is the decision complained of.   We think the court erred in sustaining the demurrer.   The instrument set out on oyer is an obligation for the payment of money only.   But for the seal, it would be simply a promissory note.   It is for a sum certain, is payable at a certain time, and is payable to a specified person.   It is subject to no condition or contingency.   It is true the instrument expresses the consideration for which it was given, or rather explains the transaction out of which the indebtedness may have arisen, but that explanation in no way changes the character of the instrument or undertaking, and constitutes no part of the obligation.   That explanatory part of the paper might have been left out altogether, and may now be considered as surplusage, leaving the legal effect of the obligation the same as if it had never been inserted.   The instrument is a single obligation for the payment of money only, and is described or set out in the first count of the declaration, according to its legal effect.   Besides, the common counts which do not purport to be brought upon a specialty, are in the usual form, and are unquestionably good.   The demurrer should have been overruled, and the decision of the circuit court must be reversed and the cause remanded.

*Judgment reversed.*